IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RETAIL, WHOLESALE, DEPARTMENT STORE UNION LOCAL 1034** 550 State Road, Suite 101 Bensalem, PA 19020 | : : : : : | CIVIL ACTION NO. |
| and | : : | |
| **RETAIL, WHOLESALE, DEPARTMENT STORE UNION LOCAL 1034 WELFARE TRUST FUND** c/o O'Neill Consulting Corporation 1560 Old York Road Abington, PA 19001 | : : : : : : : | |
| and | : : | |
| **GARY BARKER, TRUSTEE RETAIL, WHOLESALE, DEPARTMENT STORE UNION LOCAL 1034 WELFARE TRUST FUND** 550 State Road, Suite 101 Bensalem, PA 19020 | : : : : : : : | |
| Plaintiffs | : : | |
| v. | : : | |
| **INNOVA BURLINGTON CHURCH OPERATIONS, LLC, d/b/a MOUNT LAUREL CENTER FOR REHAB, a/k/a CENTERS FOR SPECIALITY** 3718 Church Road, Mount Laurel, NJ 08054  and/or 4770 White Plains Road, Suite #3 Bronx, NY 10470 | : : : : : : : : : | |
| Defendant | : | |

# **COMPLAINT**

## The Parties

1. Plaintiff, the Retail Wholesale Department Store Union, Local 1034 (the "Union") is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act (the "NLRA"), 29 U.S.C. §152(5) and Labor-Management Relations Act (the "LMRA"), 29 U.S.C §185 with its principal office located at 550 State Road, Suite 101, Bensalem, PA 19020.

2. Plaintiff, Retail, Wholesale, Department Store Union Local 1034 Welfare Trust Fund ("Plaintiff Fund") is an employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1002(3) with its principal office located at 1560 Old York Road, Abington, PA 19001, in this judicial district.

3. Plaintiff, Gary Barker, is a Trustee of the Plaintiff Fund and a fiduciary within the meaning of Section 21(A) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002(21)(A) with his principal office located at 550 State Road, Suite 101, Bensalem, PA 19020.

4. Defendant Innova Burlington Church Operations, LLC, d/b/a Mount Laurel Center for Rehab, a/k/a Centers for Speciality, (hereinafter "Defendant") is a corporation doing business at 3718 Church Road, Mount Laurel, NJ 08054, and/or 4770 White Plains Road, Suite #3, Bronx, NY 10470. Defendant employs individuals covered by the labor agreements between Plaintiff Union and Defendant.

5  Defendant is engaged in commerce within the meaning of Section 2(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(6) and has employed members of Plaintiff Union pursuant to a collective bargaining agreement with the Union.

6. Defendant is an Employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(2) and Section 185; and Sections 3(5) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section §1002(5) and Section 1145.

## Jurisdiction & Venue

7. Jurisdiction in the District Court is proper pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, in that the Defendant is an employer within the meaning of the Labor Management Relations Act, and has been and continues to be a party to collective bargaining agreements which form the basis of this litigation; and 28 U.S.C. Section 1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

8. Jurisdiction of the District Court is also proper pursuant to Sections 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145. The Eastern District of Pennsylvania is the proper venue under ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff Fund is administered in this judicial district.

## Cause Of Action

9 The Defendant is a party to collective bargaining agreements with the Retail, Wholesale, Department Store Union Local 1034, which require that the Defendant make certain contributions to the Plaintiff Fund.

10. Notwithstanding the obligations contained in said collective bargaining agreement, the Defendant has employed workers for whom it has failed to remit reports or make contributions for the months of June through August 2017, resulting in a total delinquency of unknown principal,

3

liquidated damages calculated at 20% of the principal, and interest calculated at 5% of the principal.

11. The total principal amounts owed in April and May 2017 were approximately $7,637.16 per month.

12. Plaintiff believes that the principal amount due for June and July 2017 and August 1 through 7, 2017 will be similar to the amounts due for April and May of 2017, resulting in a predicted principal amount of $16,625.42, liquidated damages in the amount of $3,325.08, and accrued interest in the amount of $68.01.

13. The amounts owed may change as Defendant makes partial payments and/or fails to make payments due as a result of additional work performed under the collective bargaining agreement.

14. Defendant has been notified of the delinquencies, but has failed to make payments as required by the agreement(s).

15. Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against the Defendant and in favor of the Plaintiffs as follows:

    a. Judgment in the amount of the total accumulated delinquency, or other such amount as may be due and owing when this cause of action reaches judgment;

    b. Reasonable counsel fees, interest and costs of suit, including costs of audit;

    c. Injunctive relief ordering the Defendant to remit employer reports, contributions, and other required payments in a timely fashion and to make contributions on behalf of full-time employees after five months of continuous

        employment, irrespective of whether that employment was full-or part-time;

d.     Injunctive relief ordering the Defendant to remit reports and submit to an audit;

d.     Liquidated damages as provided by the applicable collective bargaining agreement(s) and by Section 502 of ERISA; and

e.     Other relief as the Court deems just and proper.

 

                                           Respectfully submitted,

                                           **SPEAR WILDERMAN, P.C.**

                                BY: _/s/ Nicholas J. Botta_____
                                    NICHOLAS J. BOTTA, ESQUIRE
                                    Spear Wilderman, P.C.
                                    230 S. Broad Street, Suite 1400
                                    Philadelphia, PA  19102
                                    T:  (215) 732-0101
                                    F:  (215) 732-7790

Dated: September 13, 2017